

**FILED & ENTERED**

AUG 14 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>MARIA EUGENIA AGUILAR,<br><br>Debtor. | Case No.: 2:17-bk-19063-RK<br><br>Chapter 7<br><br>**ORDER DENYING DEBTOR'S MOTION TO CONVERT UNDER 11 U.S.C § 706(a) WITHOUT PREJUDICE** |

    Pending before this court is the motion of Debtor Maria Eugenia Aguilar under 11 U.S.C. § 706(a), to convert this Chapter 7 bankruptcy case to one under Chapter 13, Electronic Case Filing No. ("ECF") 14, filed on August 8, 2017. Debtor represents herself. The motion was filed on the court's Form 1017-1.1.MOTION.DEBTOR.CONVERT, and there was no evidence attached in support of the motion, apparently indicating that Debtor did not expect that any party in interest would oppose the motion to exercise her unwaivable right as the debtor in this bankruptcy case to convert the case under 11 U.S.C. § 706(a), which provides: "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or

1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable." *See also, Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365 (2007). A notice of motion was filed (ECF 15), as required by Local Bankruptcy Rule 9013-1(c)(2) and (o). The proof of service for the motion indicated service on the United States Trustee and the Chapter 7 Trustee; however, the court determines that not all creditors were served with the motion since not all of the creditors on the case mailing matrix were served.

Because the court finds that the motion is procedurally defective due to insufficient notice and service of process, the court rules on the motion on procedural grounds on the papers without reaching the merits and denies the motion without prejudice.

Notice of motion and service of process are insufficient because Debtor did not serve all creditors with the notice of motion as required by Federal Rule of Bankruptcy Procedure 2002(a)(4). Since Local Bankruptcy Rule 9013-1(c)(3)(A) and (i) requires that factual contentions involved in a motion must be supported by declarations and other written evidence and that such evidence be attached to the motion, no evidence in support of the motion was filed.

Accordingly, the court denies the motion without prejudice for insufficient notice and lack of submission of evidence in support of the motion and directs that service of notice of any renewed motion be made by Debtor upon all creditors listed on the creditor mailing matrix, the Chapter 7 Trustee, the United States Trustee and any party requesting special notice.

IT IS SO ORDERED.

Date: August 14, 2017

_____
Robert Kwan
United States Bankruptcy Judge